(No. 1078—Claimant awarded $1,501.50.)

DEWEY L. DANIELS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

MILITARY SERVICE—*when award may be made.* While the State may not be liable for injuries sustained by a member of the Illinois National Guard while on active duty, compensation may be awarded to him according to the provisions of the Workman's Compensation act.

BYRON M. MERRIS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

A declaration was filed by the claimant, Dewey L. Daniels, on August 31, 1926. In the declaration, claimant alleges that on and prior to September 12, 1922, he was a private in Company A, 130th Infantry, Illinois National Guard; that at that time and for some weeks prior thereto said company had been mobilized and called into active duty by the Governor of the State of Illinois to do riot and guard duty in Bloomington, Illinois, during the railroad strikes of the summer and fall of 1922; that he was on active duty with his company during such period; that on the date above mentioned, while on such duty, Sergeant M. L. Armentrout accidentally discharged his rifle, the bullet therefrom passing through the right forearm of claimant, between the ulna and radius and just below the elbow joint; that he was taken to the Brokaw Hospital at Bloomington, Illinois, and so remained until September 23, 1922, when his company was demobilized, and he was brought back to Decatur, Illinois, and taken to the Decatur and Macon County Hospital, where he remained until September 30, 1922; that at the time of such accident he was on active duty with such company; that prior to that mobilization, he was employed by the A. E. Staley Manufacturing Company, of Decatur, Illinois; that he was employed on the loading gang; that his duties required him to lift sacks of starch, glucose, syrup and other corn products, manufactured in said plant, the sacks weighing from 100 to 280 pounds; that since his injury he has

been unable to hold down any job or work that requires heavy lifting or continuous use of his arm; that he is right handed, and that such injury was to his right arm; that his occupation is that of laborer and requires the continual use of his arm in performing the duties of such an occupation; that at present and ever since such accident, when he lifts or performs other duties requiring the continuous use of his arm, it becomes numb and weak and he is unable to hold or grasp objects.

To the declaration, the tate of Illinois, by the Attorney General, filed a demurrer, which, as a matter of law, is sustained.

From the evidence, it appears that there is a 50% disability. Under Paragraph 13, Section 145, Chapter 48, Smith-Hurd's Revised Statutes, 1925, page 1275, it is provided "for the loss of an arm or the permanent and complete loss of its use, 50% of the average weekly wage during 220 weeks." This court has made a practice of allowing just claims, basing compensation under the provisions of the Workmen's Compensation Act. Figuring a 50% disability of the use of the arm, claimant is entitled to, and we award him, the sum of $1,501.50.